**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TEXARKANA DIVISION**

| | | |
|---|---|---|
| **RONALD A. KATZ TECHNOLOGY LICENSING, L.P.,** | § § § | |
| **Plaintiff,** | § § | |
| | § | **CIVIL ACTION NO. 5:05-CV-142 (DF)** |
| **v.** | § § | |
| **CITIBANK, ET. AL.,** | § § | |
| | § | |
| **Defendants.** | § | |

## ORDER FROM SCHEDULING CONFERENCE AND DOCKET CONTROL ORDER

The Court issues the following Order from the January 25, 2006, Scheduling Conference. The Court's Docket Control Order is filed in conjunction herewith.

## Protective Order

The parties in this matter have agreed on all the terms of a protective order with the exception of two provisions: (1) the number of in-house counsel that may have access to Confidential materials, and (2) the scope of a prosecution bar. The parties have agreed on a two-tiered confidentiality scheme. Disclosure of highly confidential materials designated as "Restricted Confidential" is limited to outside counsel and their support personnel, expert witnesses, the Court, and certain defined testifying witnesses. Disclosure of other confidential materials designated as "Confidential" is limited to those having access to Restricted Confidential materials, plus a certain number of in-house counsel. Plaintiff requested the number of in-house counsel be limited to two if the Court adopts Defendants prosecution bar language, whereas Defendants would like each party to have four in-house counsel with access to Confidential materials.

The parties' main area of contention is the applicability of a so called prosecution bar, which restricts certain individuals who receive Confidential or Restricted Confidential materials from engaging in certain patent prosecution activities on behalf of their client during the litigation and for a period of two (2) years after its ultimate disposition.  While they both agreed that a prosecution bar should be included in the protective order, they disagree as to whether it should apply to both sides in this case.  Plaintiff take the position that the prosecution bar should apply equally to all parties, and Defendants take the position that the prosecution bar should only apply to individuals directly involved in preparing or prosecuting the patents-in-suit or any patents or applications related thereto – effectively, only Plaintiff's patent prosecutors.   The parties' competing proposals read as follows with emphasis on the disputed language:

> Plaintiff's Proposal: Individuals Involved in Patent Prosecution. Notwithstanding the provisions of paragraphs 7 and 8, material designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY shall not be disclosed to any individual who is directly involved in preparing or prosecuting **patent applications related to the subject matter of this litigation on behalf of the plaintiff, A2D, L.P., or any defendant**, whether as counsel of record before the U.S. Patent and Trademark Office or any foreign patent office or in any supervisory for a period of two (2) years after final termination of this action; provided, however, that this disqualification shall not be imputed to partners, associates or other colleagues of such individual who had no access to CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY material. capacity, or any individual who advises **the plaintiff, A2D, L.P., or any defendant (or outside prosecution counsel for the plaintiff, A2D, L.P., or any defendant)** regarding claiming strategies (hereinafter "Patent Prosecution Activities"). Further, any individual who receives CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL material shall refrain from engaging in Patent Prosecution Activities **on behalf of the plaintiff, A2D, L.P., or any defendant** for a period of two (2) years after final termination of this action; provided, however, that this disqualification shall not be imputed to partners, associates or other colleagues of such individual who had no access to CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY material.

> Defendants' Proposal: Individuals Involved in Patent Prosecution. Notwithstanding

2

the provisions of paragraphs 7 and 8, material designated CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL ONLY shall not be disclosed to any individual who is directly involved in preparing or prosecuting **the patents-in-suit or any patents or applications related thereto**, whether as **a named inventor or** counsel of record before the U.S. Patent and Trademark Office or any foreign patent office or in any supervisory capacity **(hereinafter "Patent Prosecutors") or** to any individual who advises **any such Patent Prosecutors** regarding claiming strategies **with respect to the patents-in-suit or any patents or applications related thereto (the activities of such Patent Prosecutors and advisors as set forth above are** hereinafter **referred to as** "Patent Prosecution Activities"). Further, any individual who receives CONFIDENTIAL or RESTRICTED CONFIDENTIAL -- OUTSIDE COUNSEL material shall refrain from engaging in Patent Prosecution Activities **with respect to the patents-in-suit or any patents or applications related thereto** for a period of two (2) years after final termination of this action; provided, however, that this disqualification shall not be imputed to partners, associates or other colleagues of such individual who had no access to CONFIDENTIAL or RESTRICTED CONFIDENTIAL – OUTSIDE COUNSEL ONLY material.

During the joint conference, Defendants argued they should not be subject to a prosecution bar because Plaintiff's prosecution activities are all available to the public, and Plaintiff can show no harm that they may suffer.  Essentially, Defendants assert that their claim to privacy and need for disclosure outweigh those of the Plaintiff.  This may be true, however, the Court finds that some protection should be afforded Plaintiff to the extent justified.

In this regard, the Court finds that protection should be provided to both parties. Accordingly, the Court adopts Plaintiff's proposed language and Protective Order.  Additionally, the parties shall be allowed up to four in-house counsel with access to confidential materials.

Plaintiff has also moved this Court for entry of a Protective Order enjoining Defendants from enforcing subpoenas issued to nonparties to this action.  As noted in the scheduling conference, this matter is effective mooted with the entry of the Court's Protective Order addressed herein. Accordingly, Plaintiff motion for entry of Protective Order (Doc. No. 61) is denied as moot.

### *Markman* Hearing & Deadlines in the Docket Control Order

The Court, having considered the briefing and arguments presented at the scheduling conference, issues a Docket Control Order for the above-entitled and numbered cause of action, which sets forth the briefing schedule.  In accordance with the local patent rules, Plaintiff shall file its opening claim construction brief followed by Defendants' response and Plaintiff's reply.  At the scheduling conference, Defendants argued that sur-reply briefing is warranted; however, the Court finds this argument premature.  Accordingly, additional briefing shall be allowed only upon receiving leave of Court and a showing of good cause.  Further, Plaintiff's opening claim construction brief shall be limited to forty (40) pages. Defendants shall file one joint, responsive brief with issues about which that all agree limited to forty (40) pages and, upon leave of Court, each Defendant group may file a responsive brief concerning issues about which it disagrees with the other Defendants, if any, limited to ten (10) pages.  Plaintiff's reply shall be limited to thirty (30) pages and shall address all Defendants' responses.  Additionally, the Court has now had at least five *Markman* hearings post-*Phillips* and issued three claim construction orders; therefore, the parties need not educate this Court on the general principles of claim construction in their briefing but rather should focus on issues applicable to this case.

### Disclosure of Unenforceability Contention

In accordance with the Court's Docket Control Order, Defendants shall be required to disclose unenforceability contention.  To the extent this creates some duplication, the Court finds that neither party is prejudiced.

### Limits on Discovery

As to the parties' discovery requests in this matter, the Court finds as follows:

(1) 30 common interrogatories per side;

(2) 100 common requests for admission per side;

(3) Defendants shall together have up to 40 hours combined for depositions of Plaintiff's witnesses (individual and Rule 30(b)(6) witnesses);

(4) Plaintiff shall have up to the following limits for depositions of Defendants' witnesses (individual and 30(b)(6) witnesses):

> 20 hours for T-Mobile's witnesses
> 25 hours for witnesses of the two Discover Defendants
> 35 hours for witnesses of the six Wal-Mart Defendants
> 40 hours for witnesses of the six Citi Defendants;

(5) Each side shall be limited to 100 hours of deposition time for non-party, non-expert witnesses.

## Preliminary Infringement Contentions

In this matter, Defendants maintain that Plaintiff must limit the number of claims it is asserting at this early stage in order for the case to proceed in an expeditious manner.  Defendants assert that Plaintiff has claimed infringement of more than eight hundred claims of twenty-two patents.  This, they argue, makes the case unmanageable and creates a plethora of discovery problems.  Accordingly, Defendants request the Court limit Plaintiff to a specific number of representative claims or allow for additional time for Defendants to meet certain disclosure requirements.

In response, Plaintiff argues that limiting the number of claims at this early stage of litigation would unfairly prejudice its rights under the patent laws.  Further, it refutes Defendants' contention as to its previous infringement disclosures and argues that if Defendants have met their Rule 11 requirements, then by asserting invalidity counter claims, they should already have the information that the local patent rules require to be disclosed.  Plaintiff proposes limiting the number of claim

terms that the Court will construe rather than limiting the number of claims.

As the parties' arguments reveal, this matter puts two legitimate interests at odds – a patentee's fundamental patent rights and the Court's discretion to manage its docket.   In presenting a patent case to the jury, counsel must address which claims of the asserted patent or patents are being allegedly infringed upon.   Thus, the potential for jury confusion in a patent case increases exponentially with the number of claims asserted.   Additionally, when the number of claims being asserted is so voluminous, litigation becomes extremely burdensome on both the parties and the Court.   While a patentee has the right to prevent others from infringing, that right must not be allowed to frustrate litigation.   As noted by the parties, a few courts have restricted the number of claims that a patentee may assert in trial.   The Federal Circuit, while not squarely addressing this issue, has acknowledged the use of the court limiting claims so long as the party opposing the limitation is not prejudiced. *See ReRoof America, Inc. et al. v. United Structures of America, Inc.*, 215 F.3d 1351 (Fed. Cir. Aug. 30, 1999) (unpublished opinion) (noting that where the trial court limited plaintiff to five representative claims plaintiff was not prejudiced); *Kearns v. General Motors Corp.*, No. 93-1535, 1994 U.S. App. LEXIS 19568, at *6-7 (Fed. Cir. Jul. 26, 1994) (affirming dismissal of patent case where the district court ordered to limit the "case to *one representative claim per patent*" because there were "51 claims in the five patents listed in the complaint and 232 total claims in all of [the plaintiff's] patents").

Whether courts may properly limit the number of claims a party may present to a jury has yet to be decided.   However, this Court finds it within its discretion to limiting the number of claims to help expedite the case and effectuate case management.   The Court agrees with Defendants that Plaintiff's number of asserted claims is too numerous.   The Court would prefer the parties to address

6

such issues among themselves, but when that does not happen; the Court must intervene. The Court

finds that Plaintiff should be limited, at this juncture, to a reasonable number of representative

claims.  The Court does not wish to subject Plaintiff to some arbitrary number; however, suffice it

to say that fifty (50) "representative claim" borders on unreasonable, even at this stage of litigation.

Further, the Court notes that this case presents a unique situation – Plaintiff has asserted its patent

rights in previous litigation, and while the accused devices may differ considerably in this case, this

detracts from any prejudice Plaintiff may sustain.  In light of the Court's ruling, Plaintiff shall be

provided time to access its infringement contentions with regard to such representative claims as is

reflected in the Court's Docket Control Order.

**SIGNED this 27th day of January, 2006.**

_____

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE